IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MURILLO MODULAR GROUP, LTD., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 13-CV-3020-M |
| | § | |
| v. | § | |
| | § | |
| ANN SULLIVAN and CRENSHAW, | § | |
| WARE & MARTIN, P.L.C., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss [Dkt. No. 16]. For the following reasons, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.   Background

At all relevant times, Plaintiff Murillo Modular Group, LTD. ("Plaintiff" or "MMG") constructed modular buildings for use on military bases across the United States. Am. Compl. ¶ 6. Plaintiff completed most of these projects under a teaming agreement with Atlantic Marine Construction, Inc. ("AMC"). *Id.* AMC served as the general contractor, and Plaintiff secured government contracts. *Id.* at ¶¶ 6, 9-10. In 2009, a dispute arose between Plaintiff and AMC with respect to the profitability and apportionment of profits between it and AMC as to certain contracts. *Id.* at ¶¶ 9-11. This dispute spawned several civil lawsuits and an arbitration proceeding in Virginia (the "Virginia Arbitration"). *Id.* at ¶ 11. Defendants represented Plaintiff in the civil suits and arbitration, including in a civil suit brought by Compass Bank against Plaintiff on a promissory note (the "Texas Litigation"). *Id.* at ¶¶ 11, 17. This is a legal malpractice action for services rendered by Defendants to Plaintiff in the Virginia Arbitration and Texas Litigation. *Id.* at ¶ 19.

## II. Standard on Motions to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a Rule 12(b)(6) motion for failure to state a claim, the court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004). The pleading standard Rule 8 announces does not require "detailed factual allegations," but does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A satisfactory pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## III. Choice of Law

Because Plaintiff alleges claims stemming from the Virginia Arbitration and Texas Litigation, the Court must decide which state's law applies to each set of claims. A district court presiding over a diversity action applies the choice of law rules in the state in which it sits. *Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 258 (5th Cir. 2014). Texas courts look to the Restatement's "most significant relationship" test to decide choice of law issues. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (2000); *Sonat Exploration Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 233 (2008). At this point in the case, the parties do not dispute that Virginia law applies to claims arising from the Virginia Arbitration, and Texas law to claims arising from the Texas Litigation. *See* Pl.'s Resp. at 6.

## IV. Analysis

### A. Plaintiff's Breach of Contract Claim as to the Virginia Arbitration

Under Virginia law, a legal malpractice claim, although sounding in tort, is one for breach of contract. *Umphreyville v. Gittins*, 662 F. Supp. 2d 501, 508 (W.D. Va. 2009). To this end, Plaintiff alleges in its Amended Complaint that, to "the extent Virginia law applies to any or all of [its] claims," Defendants' conduct "has resulted in a single cause of action for breach of contract." Am. Compl. ¶ 28. Tort principles nevertheless remain applicable to a contract action for legal malpractice. *Hewlette v. Hovis*, 318 F. Supp. 2d 332, 335 (E.D. Va. 2004). A cause of action for legal malpractice requires "the existence of an attorney-client relationship which gave rise to a duty, breach of that duty by the defendant attorney, and that the damages claimed by the plaintiff client must have been proximately caused by the defendant attorney's breach." *Rutter v. Jones, Blechman, Woltz & Kelly, P.C.*, 264 Va. 310, 313 (2002).[1]

Plaintiff alleges that Defendants committed legal malpractice in connection with the Virginia Arbitration by: (1) advising Plaintiff to submit to arbitration rather than litigation, and inappropriately limiting the scope of discovery from AMC during these proceedings; (2) advising Plaintiff to enter into an allegedly "ambiguous" and "poorly drafted" Settlement Agreement; (3) recommending and/or retaining an accounting expert who took "reckless" and

---

[1] In attempting to set forth the elements of a legal malpractice claim under Virginia law, Plaintiff cites to *Hewlette*. *See supra* at 3; Pl.'s Resp. at 10 ("Under Virginia law, 'to prevail in a legal malpractice claim, [based on negligence, breach of fiduciary duty, or breach of contract,] the plaintiff must satisfy the following four elements: (1) the existence of an attorney-client relationship; (2) breach of duty by the attorney; (3) damage to the client; and (4) proximate causation of the client's damage by the breach.'") (citing *Hewlette*, 318 F. Supp. 2d at 335). The *Hewlette* court did not make this statement, however. Rather, the language Plaintiff quotes comes from a decision of the South Carolina Supreme Court that was discussing the elements of a legal malpractice claim under South Carolina law. *See Holy Loch Distrib., Inc. v. Hitchcock*, 340 S.C. 20, 25, 531 S.E.2d 282, 286 (2000). However, given the essentially identical elements of legal malpractice claims in Virginia and South Carolina, *see Umphreyville*, 662 F. Supp. 2d at 508-09, the distinction does not matter.

"incomprehensible" actions on Plaintiff's behalf and was unqualified to address the issues involved in the Virginia Arbitration; and (4) advising Plaintiff to enter into the Settlement Agreement without comprehending it and explaining it to Plaintiff.  Am. Compl. ¶¶ 11-16.

Plaintiff has sufficiently pleaded a breach of contract claim against Defendants to the extent that this claim is predicated on the value of claims Plaintiff released when it entered into the Settlement Agreement, allegedly on Defendants' advice.  *See id.* at ¶ 13.  Plaintiff pleads the existence of an attorney-client relationship; that Defendants wrongly counseled it to enter into a Settlement Agreement that was "grossly inadequate"; that Defendants counseled Plaintiff to settle without properly understanding, explaining, or disclosing to Plaintiff the legal ramifications of the Agreement and/or the value of Plaintiff's claims being released; and that Plaintiff, "without being provided competent legal advice[,] . . . was unable to adequately appreciate and evaluate its decision and, therefore, unknowingly released its rights to significant revenues that [it] otherwise would have received from AMC . . . ."  *Id.* at ¶¶ 11-13.  These allegations state a claim for breach of contract against Defendants.

The Court finds otherwise with respect to Defendants' other allegedly improper conduct in connection with the Virginia Arbitration (items 1-3 above).  Plaintiff's conclusory allegations that the Arbitration would have been "significantly different and more profitable" had Defendants not recommended and/or retained the allegedly unqualified accountant, that Plaintiff "would not have spent an additional three years litigating the interpretation, construction, and application of the undecipherable Settlement Agreement" had Defendants provided competent representation, and that Plaintiff would not have abandoned "hundreds of thousands, if not many millions, of dollars" had litigation been advised over arbitration, *see* Am. Compl. ¶ 19; Resp. at 11-12, do not satisfy the pleading standards of Rule 8.  Although Rule 8 does not impose

particularly stringent pleading standards, it does require Plaintiff to state a plausible entitlement to relief.  These allegations, even when accepted as true, do not provide sufficient factual support to plausibly demonstrate that the damages claimed were caused by Defendants' conduct.  To the extent that Plaintiff relies on these other grounds, its breach of contract claim is **DISMISSED without prejudice** to repleading such facts.

### B.  Plaintiff's Texas Litigation Claims

Plaintiff's Amended Complaint does not specify its claims in the Texas Litigation, but the Court understands Plaintiff to assert breach of fiduciary duty, negligence, and gross negligence claims against Defendants.

#### 1.  Breach of Fiduciary Duty Claim

Plaintiff seeks leave to dismiss its breach of fiduciary duty claim without prejudice. Plaintiff's request is **GRANTED**.

#### 2.  Negligence and Gross Negligence Claims

Under Texas law, "legal malpractice is a negligence action based on a lawyer's failure to exercise ordinary care as measured by a reasonably competent practitioner standard." *Lam v. Thompson & Knight, LLP*¸ No. 3:02-CV-2555, 2003 WL 22220666, at *4 (N.D. Tex. Sept. 25, 2003) (Buchmeyer, J.).  A plaintiff bringing a legal malpractice claim must plead allegations that:  "(1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred." *Smith v. Texas*, No. H-12-469, 2013 WL 684188, at *2 (S.D. Tex. Feb. 6, 2013), *adopted by* 2013 WL 684176 (S.D. Tex. Feb. 22, 2013).  Proximate cause requires cause in fact and foreseeability. *See Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex. 1992).

Plaintiff fails to state a negligence claim under Texas law.  Specifically, Plaintiff argues in its Response that it asserts negligence by "claim[ing] that Defendants breached their duty of care when they provided erroneous legal advice by advising MMG to authorize and consent to the sale of the HVAC equipment for 2% of its actual value, even when Defendants knew that MMG was supposed to receive a $650,000 credit for the HVAC equipment as set forth in the Settlement Agreement."  Pl.'s Resp. at 8 (citing Am. Compl. ¶ 18).  Plaintiff asserted in its Response:

> "Finally, MMG claimed that Defendants' erroneous legal advice cost them hundreds of thousands of dollars in damages because:  (1) MMG was forced to apply the paltry HVAC sales proceeds to the Compass Bank note, thereby depriving MMG of the full offset or credit on that debt if Defendants had provided adequate legal advice; and (2) the inadequate sale significantly comprised [*sic*] MMG's accounting position in the Virginia Arbitration because it was no longer able to claim the full $650,000 credit that the Defendants themselves negotiated in the Settlement Agreement."

*Id.* (citing Am. Compl. ¶ 18).  The problem with Plaintiff's argument is that this *is not* what it pleaded in Paragraph 18 of its Amended Complaint.  Paragraph 18 of the Amended Complaint states that, under the Settlement Agreement Defendants negotiated, "MMG agreed that *AMC was due a credit* of $650,000 for the HVAC equipment."  Am. Compl. ¶ 18 (emphasis added).

Consequently, Plaintiff has not actually pleaded the facts that it argues constitute Defendants' breach of its duty of care.  Thus, Plaintiff has not pleaded a viable negligence claim against Defendants.  The Court, therefore, **DISMISSES** Plaintiff's negligence and gross negligence claims **without prejudice** to repleading.

### V.     Conclusion

For the foregoing reasons, Defendants' Motion is **DENIED** as to Plaintiff's breach of contract claim to the extent stated herein.  Plaintiff's breach of fiduciary duty, negligence, and gross negligence claims are **DISMISSED without prejudice**.  Plaintiff shall file any amended

pleading no later than 21 days from the date of entry of this Order.  In this amended pleading, Plaintiff shall state its claims specifically as to the Virginia Arbitration and the Texas Litigation.

**SO ORDERED.**

July 3, 2014.

*[signature]*
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS