IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MURILLO MODULAR GROUP, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-3020-M |
| | § | |
| ANN SULLIVAN and CRENSHAW, | § | |
| WARE & MARTIN, P.L.C., | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>[1]

Plaintiff Murillo Modular Group, Ltd. ("Murillo" or "Plaintiff") has filed a Motion

to Compel Defendants to Comply with Their Discovery Obligations [Dkt. No. 64] (the

"Discovery MTC") and a Motion to Compel Ann Sullivan to Respond to Deposition

Questions [Dkt. No. 69] (the "Sullivan Deposition MTC"), both of which Chief Judge

Barbara M. G. Lynn has referred to the undersigned United States magistrate judge

for determination pursuant to 28 U.S.C. § 636(b). *See* Dkt. Nos. 66 & 71. Defendants

Crenshaw, Ware & Martin, P.L.C. ("CWM") and Ann Sullivan ("Sullivan"; collectively

with CWM, "Defendants") have filed responses to each motion, *see* Dkt. Nos. 75 & 76,

and Murillo has filed replies, *see* Dkt. Nos. 80 & 81.

---

[1] Under Section 205(a)(5) of the E-Government Act of 2002 and the definition of
"written opinion" adopted by the Judicial Conference of the United States, this is a
"written opinion[] issued by the court" because it "sets forth a reasoned explanation for
[the] court's decision." It has been written, however, primarily for the parties, to decide
issues presented in this case, and not for publication in an official reporter, and should
be understood accordingly.

Defendants have also filed a Motion for Protective Order [Dkt. No. 77] (the "MPO"), which Judge Lynn has also referred to the undersigned for determination. *See* Dkt. No. 78.

The Court heard oral argument on all three motions on October 18, 2016. *See* Dkt. No. 90.

For the reasons and to the extent explained below, the Court DENIES Murillo's Motion to Compel Ann Sullivan to Respond to Deposition Questions [Dkt. No. 69] and GRANTS in part and DENIES in part Murillo's Motion to Compel Defendants to Comply with Their Discovery Obligations [Dkt. No. 64] and Defendants' Motion for Protective Order [Dkt. No. 77].

## Background

Murillo has sued Defendant Sullivan and her former law firm of 35 years, CWM, for professional negligence and breach of contract "regarding various litigation where Defendants represented Plaintiff, including a lawsuit that ended in an unfavorable settlement for Plaintiff." Dkt. No. 80 at 1; *see* Dkt. No. 36. "Specifically, and as set forth in Plaintiff's Third Amended Complaint, Plaintiff claims that Defendants committed malpractice with respect to entering into a flawed and grossly inadequate settlement agreement, as well as with respect to a commercially-unreasonable foreclosure sale of certain HVAC Equipment." Dkt. No. 69 at 1.

On September 6, 2016, CWM served objections to Plaintiff's Second Request for Production Nos. 1, 2, 3, 5, 6, 9, 10, 15, and 16 and to Plaintiff's First Set of Interrogatories Nos. 14, 15, 16, 17, 18, and 19. In the Discovery MTC, Murillo asserts

that Defendants' objections are improper and that the Court should compel Defendants to properly respond to the discovery requests.

Murillo took Sullivan's deposition at her counsel's law firm on July 20, 2016. In their Sullivan MTC, Murillo asserts that, "[d]uring the deposition, Sullivan was evasive, non-responsive, and refused to answer many critical questions related to the prosecution of Plaintiff's claims and the defenses thereto" and that, "[d]espite efforts by Plaintiff's counsel to convey the necessity and relevancy of the information requested during Sullivan's deposition, Sullivan and her counsel refused to cooperate." Dkt. No. 69 at 1-2. Murillo contends that Sullivan "and her counsel impeded, delayed, and frustrated her fair examination on repeated occasions in violation of Rule 30's requirements as shown in the full and complete transcript of Sullivan's deposition." *Id.* at 2. The Sullivan MTC enumerates 12 "specific instances of misconduct by Sullivan and her counsel during the July 20, 2016 deposition." *Id.* at 3.

Murillo "requests that, after reviewing the [cited] testimony, the Court compel Sullivan to re-appear for the resumption of her deposition for a reasonable period of time to answer these remaining questions in a forthright, accurate, and complete manner without improper obstruction or disruption by herself or her counsel." *Id.* at 6. Murillo "believes that an additional deposition period of ninety minutes will be sufficient, and proposes that her deposition be scheduled to re-open immediately following the conclusion of the deposition of Ryan Snow, for which the parties are tentatively trying to schedule for during the month of October." *Id.*

Murillo also reports that it "is concerned that such deposition tactics will be

repeated with the upcoming deposition of Mr. Snow and other of Defendants' witnesses that are in the process of being set" and "respectfully requests that the Court address this behavior in the context of providing an admonishment against any future such conduct during the depositions of Defendants' witnesses." *Id.* Murillo "further requests that the Court consider awarding Plaintiff its legal fees and costs incurred in connection with this motion, including the costs for re-opening Sullivan's deposition (meaning, the attorneys' fees for the additional deposition preparation and examination time as well as the costs associated with the court reporter and videographer)." *Id.* at 7.

More specifically, Murillo explains that its two motions to compel each "seek[] financial information regarding Defendants and their financial motivations to induce Plaintiff to settle the underlying lawsuit" and that Defendants' "financial motivations are completely relevant to determine if Defendants breached their duties owed to Plaintiff." Dkt. No. 80 at 1; Dkt. No. 81 at 1.

In their MPO, Defendants move the Court for a protective order directing Plaintiffs to restrain from "examining W. Ryan Snow, Ann K. Sullivan, or any 30(b)(6) witness of Defendants, in a manner designed or tending to embarrass, annoy, or oppress." Dkt. No. 77 at 1. "If Defendants are ordered to produce further information, Defendants request a protective order to permit Defendants to provide Plaintiff with Defendants' financial[,] personal[,] and business information with protection from unnecessary and inappropriate dissemination," but "[t]his request is made without waiving the objections asserted by Defendants as to any discovery, written or oral, in

this case." *Id.* at 1-2. Defendants also request "that any information disclosed by Defendants which reveals any proprietary business or personal information be treated as "Confidential Material" under a proposed protective order." *Id.* at 2.

More specifically, Defendants

· "seek a protective order [under Federal Rules of Civil Procedure 26(c)(1) and 30(d)(3)] in response to [written] discovery request[s] from Plaintiff [and deposition questioning of Sullivan] that exceed the scope of discovery regarding Ann Sullivan's compensation with Crenshaw, Ware, & Martin, and Crenshaw, Ware, & Martin's financial information" and, specifically, "forbidding the disclosure or discovery of Ann Sullivan's compensation from Crenshaw, Ware, & Martin," "forbidding any inquiry into Ann Sullivan's compensation from Crenshaw, Ware, & Martin," "forbidding the disclosure or discovery of Crenshaw, Ware, & Martin's financial information; or in the alternative prescribing a discovery method other than the one selected by the party seeking discovery," and "forbidding inquiry into Crenshaw, Ware, & Martin's financial information";

· seek a protective order from discovery regarding Sullivan's departure from CWM, which Defendants assert exceeds the scope of [Federal Rule of Civil Procedure] 26(b)(1) and, specifically, "forbidding the disclosure or further discovery of Ann Sullivan's basis for ending her employment with Crenshaw, Ware, & Martin";

· seek "a protective order prohibiting the distribution of any financial, business, proprietary or personal information to any person not specifically employed by counsel in this litigation or designated as the corporate representative for this action";

· seek a protective order from further dissemination of "portions of a report by Plaintiff's expert, which contain inflammatory comments designed to harass, annoy and otherwise impermissibly threaten Defendants" and which Defendants have moved to strike – or, more specifically, seek a protective order "[s]ealing any portion of the Daniel's report which is struck pursuant to this Court's order";

· seek "a protective order designating pages 16-17 of Ann Sullivan's deposition 'confidential' for the reason that it relates to a Complaint which was summarily dismissed, has no bearing on any relevant issues in this case, but could be harmful and prejudicial to the reputation of Ann Sullivan";

- seek a protective order to "mark the Expert Report of Rhetta Daniel as confidential, as the opinions stated therein, on their face, are so obviously lacking in relevance and reliability and are so prejudicial they can never meet the requisites of the Federal Rules of Evidence"; and

- seek an order to quash the deposition of Ryan Snow, which Murillo noticed "for October 21, 2016 without consulting Defendant or defense counsel for availability," where "defense counsel is unable to present Mr. Snow on this date."

*Id.* at 4-9.

## Legal Standards

<u>Murillo's Discovery MTC</u>

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. *See* FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). In response to a Rule 34 request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for

objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C). And, in response to an interrogatory under Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath"; "[t]he grounds for objecting to an interrogatory must be stated with specificity"; and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(3)-(4).

Federal Rules of Civil Procedure Rules 26(b), 26(c), and 34 have been amended, effective December 1, 2015. Rule 26(b)(1) now provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

The amendments to Rules 26 and 34 govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending. The Court finds that applying the standards of Rules 26 and 34, as amended,

to these motions is both just and practicable.

Further, for the reasons the Court has previously explained, the Court concludes that the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery discussed above. *See Carr v. State Farm Mutual Automobile Insurance Company*, 312 F.R.D. 459, 463-69 (N.D. Tex. 2015). Rather, just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). Thus, as amended, Rule 26(b)(2)(C) provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

But a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality

calculation mandated by Federal Rule of Civil Procedure 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The party seeking discovery, to prevail on a motion to compel, may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing.

And the party seeking discovery is required to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; that party is also subject to Federal Rule of Civil Procedure 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f

a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller v. City of Dallas*, 303 F.R.D. 466, 475-77, 493-95 (N.D. Tex. 2014).

But the amendments to Rule 26(b) do not alter the basic allocation of the burden on the party resisting discovery to – in order to successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

Federal Rule of Civil Procedure 37(a)(5)(B)-(C) further provides in pertinent part that, "[i]f the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the

movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-(C).

<u>Murillo's Sullivan MTC</u>

Federal Rule of Civil Procedure 30 governs the conduct or counsel, parties, and deponents in connection with a party's deposition as an initial matter, and Rule 30(c)(2) governs objections to deposition questions and when a party must answer. *See* FED. R. CIV. P. 30(c)(2). "An objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." *Id.* "An objection must be stated concisely in a nonargumentative and nonsuggestive manner." *Id.*

And Rule 30(c)(2) provides only three situations in which a deponent may properly be instructed not to answer a question – "only when necessary" (1) to preserve a privilege, (2) to enforce a limitation previously ordered by a court, or (3) to present a motion under Federal Rule of Civil Procedure 30(d)(3) to terminate or limit the deposition on the ground that it is being conducted in bad faith or in a manner that

unreasonably annoys, embarrasses, or oppresses the deponent or party. *Id.* ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."). "'Directions to a deponent not to answer a question can be even more disruptive than objections.'" *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 591 n.7 (S.D. Tex. 2011) (quoting FED. R. CIV. P. 30(d) 1993 Advisory Committee's Note). "Because the plain language of Rule 30 is rather clear on what types of objections counsel may make and when counsel may instruct a deponent not to answer a question, courts have generally concluded that it is improper to instruct a witness not to answer a question based on a relevancy objection. However, if counsel's questions go so far beyond the realm of possible relevance where the deposition is being conducted in an abusive manner (i.e., in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party), then it would be permissive to instruct a deponent not to answer and move for a protective order under Rule 30(d)(3)." *Id.* at 591 (footnote and citations omitted).

"The only ground for [a Rule 30(d)(3)] motion to limit or terminate the deposition is that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." *Mayberry v. Wal-Mart La., LLC*, Civ. A. No. 14-cv-478, 2015 WL 420284, at *3 (W.D. La. Jan. 29, 2015). And Rule 30(d)(3)(A) expressly limits the timing for a Rule 30(d)(3) motion: "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or

oppresses the deponent or party." FED. R. CIV. P. 30(d)(3)(A); *see Mashiri v. Ocwen Loan Servicing, LLC*, No. 12cv2838-L (MDD), 2014 WL 4608718, at *2 (S.D. Cal. Sept. 15, 2014) ("If counsel for Plaintiff believed that counsel for Defendant was asking the same question repeatedly in bad faith or to unreasonably annoy, embarrass or oppress Plaintiff, counsel's option was to move to terminate or limit the deposition under Rule 30(d)(3). Plaintiff's current motion to terminate the deposition is untimely for that purpose as Rule 30(d)(3) requires the motion be made during the deposition."); *see also Redwood v. Dobson*, 476 F.3d 462, 467-68 (7th Cir. 2007) ("Webber gave no reason beyond his declaration that the questions were designed to harass rather than obtain information – which may well have been their point, but Fed. R. Civ. P. 30(d) specifies how harassment is to be handled. Counsel for the witness may halt the deposition and apply for a protective order, *see* Rule 30(d)(4), but must not instruct the witness to remain silent. 'Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4).' Fed. R. Civ. P. 30(d)(1). Webber violated this rule repeatedly by telling Gerstein not to answer yet never presenting a motion for a protective order. The provocation was clear, but so was Webber's violation."). But Murillo does not contend that any Rule 30(d)(3) motion is untimely, perhaps because Murillo contends that Sullivan's deposition testimony is incomplete and seeks itself to continue or reopen the deposition.

Rule 30(d)(3) further provides that "[t]he motion may be filed in the court where

the action is pending or the deposition is being taken"; that, "[i]f the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order"; that "[t]he court may order that the deposition be terminated or may limit its scope and manner as provided in [Federal Rule of Civil Procedure] 26(c)"; that, "[i]f terminated, the deposition may be resumed only by order of the court where the action is pending"; and that Federal Rule of Civil Procedure "37(a)(5) applies to the award of expenses" in connection with a Rule 30(d)(3) motion. FED. R. CIV. P. 30(d)(3)(A)-(C).

Once a deponent has appeared for a deposition, Federal Rule of Civil Procedure 37(a)(3)(B)(i) governs a motion to compel a deponent to answer a question. *See* FED. R. CIV. P. 37(a)(3)(B)(i) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30...."). And Rule 37(a)(2) provides that "[a] motion for an order to a party must be made in the court where the action is pending." FED. R. CIV. P. 37(a)(2).

For Rule 37(a)(3)(B)'s purposes, "an evasive or incomplete ... answer ... must be treated as a failure to ... answer." FED. R. CIV. P. 37(a)(4). And Rule 37(a)(5) provides, in pertinent part, that, on a Rule 37(a)(3)(B)(i) motion to compel an answer from a deponent, including a non-party:

- "If the motion is granted ... the court must, after giving an opportunity to be heard, require the ... deponent whose conduct necessitated the motion, the ... attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii)

other circumstances make an award of expenses unjust."

- "If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."

- "If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."

FED. R. CIV. P. 37(a)(5)(A)-(C).

Federal Rule of Civil Procedure 30(d)(2) provides that "[t]he court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." FED. R. CIV. P. 30(d)(2). "The meaning of 'appropriate sanction' in Rule 30(d)(2) has been broadly interpreted as [t]he full scope of sanctions available under Rule 30(d)(2) is not expressly described in the text of the rule." *Howell v. Avante Servs., LLC*, Civ. A. No. 12-293, 2013 WL 824715, at *5 (E.D. La. Mar. 6, 2013) (internal quotation marks omitted). "Many courts have construed Rule 30(d)(2) to apply to circumstances where a party's conduct at a deposition warranted remedial action." *S. La. Ethanol, L.L.C. v. Fireman's Fund Ins. Co.*, Civ. A. Nos. 11-2715 & 12-0379, 2013 WL 1196604, at *8 (E.D. La. Mar. 22, 2013) (citing cases). "The broad scope of appropriate sanctions under Rule 30(d)(2) includes, where appropriate, an award of expenses associated with a deposition's continuation that is necessitated by a [person's] conduct that impedes, delays, or frustrates the fair examination of the

-15-

deponent." *Nieman v. Hale*, No. 3:12-cv-2433-L-BN, 2014 WL 4375669, at *5 (N.D. Tex. Sept. 4, 2014). The movant bears the burden on any Rule 30(d)(2) motion that it makes. *See Kleppinger v. Tex. Dep't of Transp.*, 283 F.R.D. 330, 333 (S.D. Tex. 2012).

Defendants' MPO

As amended effective December 1, 2015, Rule 26(c)(1) authorizes protective orders, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." FED. R. CIV. P. 26(c)(1).

"[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific

need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). And the United States Court of Appeals for the Fifth Circuit recently explained that "[t]he federal courts have superimposed a somewhat demanding balancing of interests approach to the Rule. Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party. Courts also weigh relevant public interests in this analysis." *Cazorla v. Koch Foods of Mississippi, L.L.C.*, ___ F.3d ___, No. 15-60562, 2016 WL 5400401, at *10 (5th Cir. Sept. 27, 2016) (footnotes and internal quotation marks omitted); *see also id.* at *18 ("Rule 26(d) gives that court wide discretion to craft flexible and nuanced terms of discovery." (footnote omitted)).

The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

Federal Rule of Civil Procedure 26(c)(3) provides that, in connection with a motion under Rule 26(c) for a protective order, Federal Rule of Civil Procedure "37(a)(5) applies to the award of expenses." FED. R. CIV. P. 26(c)(3).

## Analysis

I.   Discovery regarding Sullivan's compensation and departure and CWM's finances

With regard to Murillo's Interrogatory Nos. 14, 15, and 16 to CWM and Murillo's Second Request for Production Nos. 1, 2, 3, 4, 5, 6, 9, and 10, the Court has carefully

considered the parties' arguments regarding whether discovery is proper under Rules 26(b) and 26(c) as to Sullivan's compensation with and departure from CWM and CWM's finances for certain years.

Murillo argues that discovery on these topics may show that Defendants acted in their self-interest when recommending that it settle the case. For instance, if CWM was experiencing financial difficulty, CWM may have had a motive to encourage Murillo to settle and collect any outstanding fees that Murillo owed. Similarly, if Sullivan's compensation or employment status depended on the fees that she collected for her cases, she may have had a motive to encourage CMW to settle and collect any outstanding fees.

But Murillo's relevance theories assume that CWM and Sullivan were especially eager to collect any outstanding fees owed. But Defendants note that Murillo continued to owe Defendants money for their services well after Murillo agreed to settle the case and that this did not impact the parties working relationship. Defendants continued to represent Murillo in other matters even though Murillo 's bill was still outstanding.

Defendants' proffered evidence also indicate that Sullivan's employment status was not connected to the date that CWM collected its fees for the lawsuit. Sullivan left the firm two-and-a-half years after the settlement was concluded. CWM has already responded to an interrogatory request on the matter by explaining that it has no personal knowledge about why Sullivan decided to leave the firm; and Sullivan herself testified that the amount CWM owed is "not an issue that caused [her] to leave the firm." Dkt. No. 70, Ex. 1 at 296. Defendants have also responded to an interrogatory

explaining that "there were no documents referencing any criticism of [Sullivan's] representation of Plaintiff." Dkt. No. 75 at 4.

Further, Defendants note that Sal Murillo, acting as the principal person in charge of Murillo, has already "testified he was willing to enter into the agreement if it was the best deal they could reach with AMC." Dkt. 75 at 6.

In the face of Sullivan's and Murillo's deposition testimony, and Defendants' showing of why this requested information is not relevant to the claims and defenses in this case, Murillo has not shown any factual basis to suggest that discovery into these matters will show that Defendants' representation of Murillo in connection with the settlement agreement at issue was influenced or driven by a concern for Murillo's receivable with CWM or Sullivan's compensation or that Sullivan's departure from CWM was motivated or caused by her representation of Murillo. Murillo's speculation that discovery could be relevant to its claims to corroborate or impeach Sullivan's deposition testimony is not sufficient.

Accordingly, the Court determines, under Rules 26(b)(1), 26(b)(3), and 26(c)(1), that the requested discovery into these matters is not proportional to the needs of the case, considering the importance of the issues at stake in the action and the importance of the discovery in resolving the issues. The Court will deny Murillo's motion to compel, and grant Defendants their requested protective order, as to these discovery requests.

II.   <u>Discovery regarding Defendants' involvement in other lawsuits</u>

As to Murillo's Interrogatory Nos. 16, 17, 18, and 19 to CWM and Murillo's Second Request for Production No. 15, the Court determines that the information

requested as to Sullivan's alleged role in a related lawsuit is within the proper scope of discovery under Rule 26(b)(1) and denies Defendants' request for a protective order.

Information relevant to a party's or likely witness's credibility may fall within Rule 26(b)(1)'s scope. *See* FED. R. CIV. P. 26, 2015 comm. note ("The amendment deletes the former provision authorizing the court, for good cause, to order discovery of any matter relevant to the subject matter involved in the action. The Committee has been informed that this language is rarely invoked. Proportional discovery relevant to any party's claim or defense suffices, given a proper understanding of what is relevant to a claim or defense. The distinction between matter relevant to a claim or defense and matter relevant to the subject matter was introduced in 2000. The 2000 Note offered three examples of information that, suitably focused, would be relevant to the parties' claims or defenses. The examples were 'other incidents of the same type, or involving the same product'; 'information about organizational arrangements or filing systems'; and 'information that could be used to impeach a likely witness.' Such discovery is not foreclosed by the amendments."); *see also S.E.C. v. Cuban*, No. 3:08-cv-2050-D, 2012 WL 456532, at *1 (N.D. Tex. Feb. 10, 2012) ("Cuban has at least shown that the nonprivileged portions of the SEC's investigative file for the investigation of Mamma.com, and documents pertaining to the relationship between the Mamma.com investigation and the investigation of Cuban, are relevant to the credibility of Mamma.com witnesses, including CEO Guy Faure ('Faure'), and are therefore within the scope of Rule 26(b)(1). Cuban has established that he is doing more than engaging in a fishing expedition in seeking this discovery."). "Although the rules pertaining to

initial and pretrial disclosures allows a party to withhold impeachment evidence, *see* FED. R. CIV. P. 26(a)(1) and (3), the rules regarding the discovery of evidence, *see* FED. R. CIV. P. 26(b), do not preclude impeachment materials from being subject to a discovery request." *Baxter v. Anderson*, No. CV 16-142-JWD-RLB, 2016 WL 4443178, at *5 (M.D. La. Aug. 19, 2016) (emphasis removed; citing Wright, Miller, Kane, Marcus, & Steinman, Federal Practice and Procedure § 2015 (3d ed. 1998) ('[T]he intention of the party from whom discovery is sought to use materials for possible impeachment does not narrow discovery of items that are relevant. The initial disclosure requirements exclude items that the disclosing party may use 'solely for impeachment,' but no such categorical limitation applies to material sought through discovery.")). Impeachment evidence is thus discoverable when relevant – in other words, when "disclosure may reveal information affecting the credence afforded to a witness' trial testimony." *Davidson Pipe Co. v. Laventhol & Horwath*, 120 F.R.D. 455, 462 (S.D.N.Y. 2010).

The impeachment evidence Plaintiff seeks is plainly discoverable here. Plaintiff seeks discovery relating to a sanctions order that was entered in a related case where Sullivan allegedly allowed Sal Murillo to sign a false affidavit. Any such allowance speaks to Sullivan's credibility as a witness since it "demonstrate[s] a propensity for deception ... in a context where there is a premium on veracity." *See id.* at 462-63 (noting that "sworn statements to a court or government agency, employment applications, and even applications for credit carry an obligation for truthfulness, so that falsehoods in such situations may be probative of a lack of credibility").

-21-

In their response, Defendants do not dispute that discovery on these topics could lead to evidence that challenges Sullivan's credibility. Defendants instead insist that Plaintiff should not be entitled to discovery on the prior lawsuit since it concerns Sullivan's actions as an attorney in a different matter that pertains only to parties indirectly related to this action. The prior lawsuit specifically concerns Sullivan's representation of Lonestrella – an entity set up by the principals of Murillo to obtain credit and own property for the benefit of Murillo. But "permit[ting] discovery only of matters otherwise relevant to the case ... improperly limits the scope of discovery given the frequent admissibility for purposes of impeachment of matters not otherwise admissible." 8 Wright & Miller, Federal Practice and Procedure: Civil § 2015 2 (3d ed. 2016).

While evidence discovered pursuant to these requests may prove to be inadmissible to the extent it improperly suggests guilt based on Sullivan's past actions, *see Thompson v. Bank of America, N.A.*, 13 F. Supp. 3d 636, 656 (N.D. Tex. 2014), "[i]nformation within [its] scope of discovery need not be admissible in evidence to be discoverable," FED. R. CIV. P. 26(b)(1).

The Court thus determines that Murillo is entitled to discovery on requests concerning Sullivan's representation of Lonestrella, subject to any attorney-client privilege or attorney-work product protections that may apply and are properly asserted as required by Federal Rule of Civil Procedure 26(b)(5), and ORDERS Defendants to fully respond to Murillo's Interrogatory Nos. 16, 17, 18, and 19 to CWM and Murillo's Second Request for Production No. 15 by **November 3, 2016**.

III.   Ann Sullivan's deposition

Murillo's complaints about Sullivan's deposition answers do not merit relief under Rules 37(a)(3)(B)(i) and 37(a)(4) or Rule 30(d)(2). The Court has reviewed the testimony on which Murillo relies and determines that Sullivan did not give incomplete or evasive answers that amount to a failure to answer deposition questions and did not impede, delay, or frustrate Murillo's counsel's fair examination of Sullivan.

More specifically, as to Murillo's complaint numbers 1, 2, 5, and 11, Sullivan testified as to what she recalled. Nothing in Sullivan's answers at issue suggests or evidences a "feigned inability to remember." *Redwood*, 476 F.3d at 469; *see also Peterson v. Burris, No. 14-CV-13000, 2016 WL 1458107, at *2 (E.D. Mich. Apr. 14, 2016)* ("As noted by the magistrate judge, there is nothing extraordinary about the fact that Burris could not remember events that took place over three years ago, and the circumstantial evidence did not suggest Burris was being evasive within the meaning of Rule 37(a)(4).").

As to Murillo's complaint numbers 3, 7, 8, 9, 10, and 12, the Court determines that, for purposes of Rules 37(a)(3)(B)(i) and 37(a)(4), Sullivan gave a complete and non-evasive answer to the questions asked. Insofar as Murillo complains that Sullivan's counsel took a break and inappropriately conferred with his client about a pending question, Murillo's counsel did not object when Sullivan said, "Why don't you give me a minute to confer with my counsel." Dkt. No. 70-1 at 21 of 305.

And, as to Murillo's complaint number 6, the Court determines that Sullivan should not be required to answer further questions as to why her attorney might have

asked Sal Murillo a particular question as his deposition, particularly where any further answers may require her to testify to confidential attorney-client communications or attorney work-product.

As to Murillo's complaint number 4, for the reasons explained above, the Court will not require Sullivan to answer the question regarding her compensation with CWM because it is beyond the scope of proper discovery under Rule 26(b)(1) in this case and will grant Defendants' request for a protective order as to this line of questioning.

VI.    <u>Proposed confidentiality order</u>

Because the Court is denying Murillo's Discovery MTC and Sullivan MTC and is correspondingly granting Defendants' MPO as to the matters at issue in these three motions, the Court denies as moot Defendants' request for a protective order to permit Defendants to provide Plaintiff with Defendants' financial personal and business information with protection from unnecessary and inappropriate dissemination.

V.    <u>Requests to seal or mark depositions or expert reports as confidential</u>

The Court has not yet ruled on Defendants' motion to strike portions of the report of Murillo's expert Rhetta Daniel. And Defendants' request to seal and mark as confidential portions of that report relies entirely on conclusory statements. The Court therefore denies without prejudice Defendants' motion for protective order as to this report.

Defendants likewise have not sufficiently shown that pages 16-17 of Sullivan's deposition could be harmful and prejudicial to her reputation, particularly given the

limited information to which she testified there. The Court denies Defendants' motion seeking to mark these pages as confidential.

VI.  Deposition of Ryan Snow

At oral argument, the parties' counsel reported that they have agreed to reschedule Mr. Snow's deposition from October 21, 2016 and would confer to work out a mutually agreeable date.

VII.  Award of expenses

Under Rules 26(c)(3) and 37(a)(5), the Court determines that, under all of the circumstances presented here, Murillo and Defendants should bear their own expenses, including attorneys' fees, in connection with each of these motions.

### Conclusion

For the reasons and to the extent explained above, the Court DENIES Murillo's Motion to Compel Ann Sullivan to Respond to Deposition Questions [Dkt. No. 69] and GRANTS in part and DENIES in part Murillo's Motion to Compel Defendants to Comply with Their Discovery Obligations [Dkt. No. 64] and Defendants' Motion for Protective Order [Dkt. No. 77].

SO ORDERED.

DATED: October 20, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-25-