IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MURILLO MODULAR GROUP, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-3020-M |
| | § | |
| ANN SULLIVAN and CRENSHAW, | § | |
| WARE & MARTIN, P.L.C., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**[1]

Plaintiff Murillo Modular Group, Ltd. ("Murillo" or "Plaintiff") has filed an

Opposed Motion for Leave to Extend Time to Respond to Defendants' Motion for

Summary Judgment [Dkt. No. 95] (the "56(d) Motion"), which Chief Judge Barbara M.

G. Lynn has referred to the undersigned United States magistrate judge for

determination pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 97.

After carefully reviewing the Rule 56(d) Motion, the Court determines that it

need not await a response by Defendants Crenshaw, Ware & Martin, P.L.C. ("CWM")

and Ann Sullivan ("Sullivan"; collectively with CWM, "Defendants") and that, for the

reasons set forth below, oral argument on the motion is not necessary. And, for the

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

reasons explained below, the Court DENIES Murillo's Opposed Motion for Leave to Extend Time to Respond to Defendants' Motion for Summary Judgment [Dkt. No. 95].

## Background

Murillo explains that it "originally noticed the Deposition of Ryan Snow, in his individual capacity, on October 4, 2016"; that "[t]hat deposition was rescheduled by agreement"; that "[l]ater Ryan Snow was noticed for deposition on October 21, 2016, and Defendants moved to quash that Deposition"; and that "[t]he parties agreed to move the Deposition from October 21, 2016, and Plaintiff requested dates for Mr. Snow's deposition." Dkt. No. 95 at 1. According to Murillo, "Defendants never presented any additional dates for Mr. Snow's deposition, in his individual capacity, and stated that Mr. Snow would only be presented in Mr. Snow's capacity as the representative of Defendant Crenshaw, Ware, and Martin PLLC," and "Defendants filed their Motion Summary Judgment on October 14, 2016." *Id.* at 2.

Murillo reports that, "[a]fter receiving no dates from Defendants, on October 20, 2016 Plaintiff noticed the deposition of the Representative of Defendant Crenshaw, Ware, and Martin PLLC for November 1, 2016 (a date originally offered by Defendant's counsel (for Mr. Snow's deposition in his individual capacity), and proposed at the October 18, 2016 hearing on Defendant Crenshaw, Ware, and Martin PLLC motion for Protection)," but then Defendants' counsel "requested that the Deposition of Mr. Snow in his corporate capacity not go forward on November 1, 2016," to which Murillo's counsel agreed "but requested that [Defendants' counsel] agree to an extension of time for Plaintiff to respond to the Motion for Summary Judgment because the corporate

representative Defendant Crenshaw, Ware, and Martin PLLC would not be deposed before the summary judgment response was due on November 4, 2016." *Id.* at 2-3.

According to Murillo, Defendants' counsel then "responded on October 26, 2016 with some dates for Mr. Snow's Corporate representative Deposition ('Nov 14, 21, 22, 29, 30 and Dec 1, 2, 5-9,' all well after the Summary Judgment response deadline of November 4, 2016)" and eventually told Murillo's counsel that Defendants opposed any extension of the summary judgment response deadline. *Id.* at 3-4. Defendants report that, "[a]s of the date of filing this motion no Deposition has taken place nor has the Deposition been set for the Representative of Defendant Crenshaw, Ware, and Martin PLLC." *Id.* at 4.

Relying on declarations of Michael Alfred and David Welch, *see* Dkt. Nos. 95-1 & 95-2, Murillo invokes Federal Rule of Civil Procedure 56(d) and contends that it "cannot properly respond to the Motion for Summary Judgment without the Deposition of Defendant Crenshaw, Ware, and Martin PLLC" and "would be unduly prejudiced if required to respond before the Deposition of Defendant Crenshaw, Ware, and Martin PLLC is taken in this case," Dkt. No. 95 at 4-5. The accompanying declarations of Murillo's counsel David Welch and Michael Alfred do not address the testimony that Murillo hopes to obtain with further discovery or exactly how Murillo expects those materials to assist it in opposing summary judgment. *See* Dkt. Nos. 95-1 & 95-2.

Murillo "requests the court defer considering the motion [for summary judgment] and allow Plaintiff an extension of time to respond to the Motion after the deposition of the Representative Defendant Crenshaw, Ware, and Martin PLLC" and

"believes that 21 days from the date of receipt of the final, signed Deposition transcript of the Representative of Defendant Crenshaw, Ware, and Martin PLLC is needed to properly respond to the Motion for Summary Judgment." Dkt. No. 95 at 5.

## Legal Standards

Federal Rule of Civil Procedure 56(d) provides that the Court may defer a motion for summary judgment or allow time for a nonmovant to obtain affidavits or declarations or to take discovery if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). This rule is "designed to safeguard against a premature or improvident grant of summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

To justify a continuance, the Rule 56(d) motion must demonstrate (1) why the movant needs additional discovery and (2) how the additional discovery will likely create a genuine issue of material fact. *See Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534–35 (5th Cir. 1999) (construing former FED. R. CIV. P. 56(f)); *accord Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999) ("To obtain a continuance of a motion for summary judgment, a party must specifically explain both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence." (internal quotation marks omitted)).

In response to a proper motion for a continuance to obtain further discovery, the Court may "(1) defer considering the [summary judgment] motion or deny it; (2) allow

time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d).

Rule 56(d) "discovery motions are broadly favored and should be liberally granted." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (internal quotation marks omitted). The Court generally should grant "a continuance for additional discovery if [the nonmovant]: (i) requested extended discovery prior to [the Court's] ruling on summary judgment; (ii) placed [the Court] on notice that further discovery pertaining to the summary judgment motion was being sought; and (iii) demonstrated to [the Court] with reasonable specificity how the requested discovery pertained to the pending motion." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (citations omitted) (construing former FED. R. CIV. P. 56(f)).

But a Rule 56(d) "motion to re-open discovery [is] procedurally defective" – and therefore must be denied – if "a party requesting additional discovery as to facts essential to its opposition of a motion for summary judgment [fails] to present an affidavit or declaration." *Leza v. City of Laredo*, 496 F. App'x 375, 377-78 (5th Cir. 2012) (per curiam). "To succeed on a Rule 56(d) motion, ... the party requesting discovery must provide an affidavit or declaration in support of the request that 'state[s] with some precision the materials he hope[s] to obtain with further discovery, and exactly how he expect[s] those materials w[ill] assist him in opposing summary judgment.'" *Whitener v. Pliva, Inc.*, 606 F. App'x 762, 765 (5th Cir. 2015) (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1443 (5th Cir. 1993)).

And the nonmovant must "present specific facts explaining his inability to make

a substantive response ... and specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact" and defeat summary judgment. *Washington*, 901 F.2d at 1285 (internal quotations and citations omitted) (construing former FED. R. CIV. P. 56(f)). The nonmovant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Raby*, 600 F.3d at 561 (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)). "Rather, a request to stay summary judgment under [Rule 56(d)] must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *C.B. Trucking, Inc. v. Waste Management Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)).

The party requesting the additional discovery or extension also must show that relevant discovery has been diligently pursued. *See Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992).

The Court may properly deny a Rule 56(d) motion where the movant has "not pursued discovery diligently enough to warrant relief under Rule 56(d)." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (internal quotation marks omitted). Further, "[i]f it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment.'" *Raby*, 600 F.3d at 561 (quoting *Access Telecom*, 197 F.3d at 720). The Court may also properly deny a Rule 56(d) where "the party filing the Rule 56(d) motion has

failed to identify sufficiently specific or material evidence to affect a summary judgment ruling." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 423 (5th Cir. 2016); *accord Mendez v. Poitevent*, 823 F.3d 326, 337 (5th Cir. 2016) (affirming denial of Rule 56(d) motion where "Plaintiffs did not, moreover, identify specific facts below that would alter the district court's analysis," "[i]nstead, ... vaguely assert before this court that deposing the witnesses would have 'permitted [plaintiffs] to further discover the facts from the witnesses who saw the scuffle'" and, "[i]n other words, ... did not demonstrate below how the additional discovery [would] likely create a genuine issue of material fact," but, "[i]nstead, the result of the discovery they sought was wholly speculative" (citations and internal quotation marks omitted)).

## Analysis

Murillo's 56(d) Motion and its accompanying declarations fail to demonstrate why Murillo needs additional discovery, fail to demonstrate with reasonable specificity how the requested discovery pertains to the pending summary judgment motion and how the additional discovery will likely create a genuine issue of material fact to oppose or defeat that motion, and fail to specifically explain why it is currently unable to present evidence creating a genuine issue of fact. Murillo has not presented specific facts explaining its current inability to make a substantive response to the summary judgment motion and has not specifically demonstrated how postponement of the response deadline will enable it, by obtaining additional deposition testimony, to rebut the grounds for Defendants' motion and defeat summary judgment. Rather, Murillo simply relies on vague assertions that additional discovery will produce needed, but

unspecified, facts.

The Court is deciding this motion without awaiting a response by Defendants or holding the oral argument that it previously set, and Murillo has not had a chance to file a reply. But, even if Murillo had been given a chance to file a reply or make oral argument "and therein provided more particular arguments and information" to comply with the long-standing requirements for a successful Rule 56(d) motion set forth in Fifth Circuit case law, "it would have come too late where arguments should not be made, and this missing level of detail and information should not be included, for the first time in a reply" or, for that matter, at oral argument. *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-cv-4682-D, 2016 WL 1392332, at *7 (N.D. Tex. Apr. 8, 2016) (citing cases and further explaining that, "it follows that, even if a reply is not required, a party may not properly hold back new or additional arguments or information from its opening motion and (for that matter) from any reply and seek to present it for the first time at oral argument on a motion").

## Conclusion

For the reasons explained above, the Court DENIES Plaintiff Murillo Modular Group, Ltd.'s Opposed Motion for Leave to Extend Time to Respond to Defendants' Motion for Summary Judgment [Dkt. No. 95].

SO ORDERED.

DATED: November 3, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE